## James Dowdle *vs.* James W. Stenson.

### *Certiorari.*

The act, authorising a defendant to deny the plaintiff's account, upon his own oath, is confined to cases where the plaintiff proves his account by affidavit, without appearing in court.

This was an action upon an open account, commenced by plaintiff, against defendant, by making an affidavit, in Harris County, the place of plaintiff's residence, and sending it into Meriwether County. At the first trial, the defendant filed his affidavit, in the terms of the Statute, denying the justness of said account, and the Court gave judgment against plaintiff, there being no other testimony. On the last trial, it appears the plaintiff appeared, and proved his account, in open Court, by his own oath, and subjected himself to a cross examination. But the error complained of is, that the Court permitted the affidavit of defendant, which he had made in the first instance, to be read in evidence, notwithstanding plaintiff had proven his account, in open Court. This fact is admitted, by the return. Now, I am of opinion, that this affidavit of defendant ought not to have been admitted, as the law only gives the defendant this privilege, of denying plaintiff's account, when he does not appear, in open Court, to prove his account. The Magistrate states, in his return, that he admitted this affidavit, to rebut the original affidavit of the plaintiff. But I consider, that both affidavits were improper testimony; and the introduction of illegal testimony, on one side, is no reason, in law, why it should be admitted on the other. Both ought to have been rejected. It is, therefore, ordered, that the Certiorari be sustained, and a new trial ordered.